IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| CELEDONIO SILVA-ARRIAGA, <br> LIBORIO CABINO-MARTINEZ, <br> CARLOS MARTINEZ-GARCIA and <br> JUAN ZAVALA-CAMPOS, <br> individually and on behalf <br> of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> TEXAS EXPRESS, INC., <br> 4-J HARVESTING, INC., and <br> SERVICES TO AGRICULTURE I, L.L.C., <br><br> Defendants. | Case No.:   2:03-cv-690-FtM-33SPC |

## ORDER ON JOINT SETTLEMENT MOTION

This cause having come before the Court on the parties' joint motion for the entry of an order relating to the settlement of this action; the Plaintiffs maintaining that they individually and as class representatives, would ultimately prevail on all issues in this action, but deeming the proposed settlement as set forth in the Stipulation of Proposed Settlement filed with the motion (hereinafter "Stipulation") to be in the best interest of themselves and the class and consenting to the entry of the following order; the Defendants denying all liability whatsoever and maintaining that they would ultimately prevail on all issues in this action, but deeming said settlement as set forth in the Stipulation to be in their best interest and consenting to the entry of this order; and the Court being fully advised in the premises and approving the procedures set forth herein;

IT IS HEREBY ORDERED that:

The proposed settlement, as set out in the Stipulation of Proposed Settlement executed by the counsel for the respective parties, is hereby tentatively approved, based on this Court's finding that there has been a showing that the Proposed Settlement is fair, reasonable and sufficient to warrant submitting it to the class, and that the Proposed Settlement was reached by extensive arms-length negotiations between counsel for the parties.

IT IS FURTHER ORDERED that:

1. The parties shall take all actions required by the settlement agreement, as set out in the Stipulation of Proposed Settlement, and those relating to the consummation of the settlement.

2. In accordance with Rule 23(b)(3), and as the Court previously determined on August 9, 2004, a class consisting of the following individuals is certified:

> All migrant and seasonal agricultural workers, as defined by the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1802(8) and 1802(10), who were employed harvesting lemons for the Defendants during the 2003 Florida lemon harvest, extending approximately from July through September.

3. The Plaintiffs shall provide notice to the class members through the terms of notice as set forth in Paragraph 8 of the Stipulation. Based on the representations of the parties, the Court finds that the notice provided for under that paragraph constitutes the best notice to the class practicable under the circumstances, such notice comports with due process, and is due and sufficient notice for all purposes to all persons entitled to such notice.

4. The settlement notice will give all class members the option of opting out of the class or remaining in the class. The settlement notice will also explain the manner in which the class members may claim against the settlement fund and the consequences of neither opting out nor making a claim against the fund. The attached settlement notice is hereby approved by the Court for purposes of personal notice to all class members for whom addresses are known. The Plaintiff may disseminate an abbreviated version of this notice on radio or in Spanish and/or Haitian-language print media to contact those class members for whom addresses are unavailable.

IT IS FURTHER ORDERED THAT:

1. A hearing shall be held before the Court on __October 27__, 2005 at __1:30 P.__ M., at the United States Courthouse, 2110 First Street, Fort Myers, Florida to determine whether the settlement should be finally approved by the Court and judgment entered.

2. Any member of the class who objects to the approval of the proposed settlement or to the judgment to be entered thereon, may appear at the aforesaid hearing and show cause why the proposed settlement should not be approved as fair, reasonable and adequate, and why judgment should not be entered thereon.

3. Objections to the proposed settlement and any papers or briefs submitted in support of said objections shall be received and considered by the Court only if said objectors file with the Court written notice of their intention to appear ~~at least 10 days prior to the hearing.~~ on or before August 26, 2005.

DONE AND ORDERED in Chambers at Fort Myers, Florida this 21st day of June, 2005.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

cc:   David J. Stefany
      Gregory S. Schell

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| CELEDONIO SILVA-ARRIAGA, LIBORIO CABINO-MARTINEZ, CARLOS MARTINEZ-GARCIA and JUAN ZAVALA-CAMPOS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> TEXAS EXPRESS, INC., 4-J HARVESTING, INC., and SERVICES TO AGRICULTURE I, L.L.C., <br><br> Defendants. | Case No. 2:03-cv-690-FtM-33SPC |

SUMMARY NOTICE OF PENDENCY OF ACTION,
CLASS ACTION DETERMINATION AND NOTICE,
<u>PROPOSED SETTLEMENT OF CLASS ACTION, AND SETTLEMENT HEARING</u>

<u>ATTENTION:</u> ALL PERSONS WHO PICKED LEMONS FOR 4-J HARVESTING, INC., TEXAS EXPRESS, INC. and/or SERVICES TO AGRICULTURE I, L.L.C. IN OR NEAR THE SEMINOLE INDIAN RESERVATION LANDS IN HENDRY COUNTY, FLORIDA DURING 2003:

1. <u>What is this Notice about?</u>

This Notice is an official court notice to let you know about a "class action" lawsuit in which you may be a class member if you have worked picking lemons for 4-J Harvesting, Inc., Texas Express, Inc. and/or Services to Agriculture I, L.L.C. in 2003 at groves on or near the Seminole Indian reservation in Hendry County, Florida, an area commonly referred to as "Devil's Garden." It also describes a proposed settlement of the lawsuit and how you may claim your share of the settlement. If you do not think the settlement is fair, you can object, and this Notice will tell you how to make such an objection. Finally, it also informs you of your rights if you do not want to be a member of the class.

## 2. What is this "class action" lawsuit?

A "class action lawsuit" is a lawsuit in which a few people represent a large group of people. They do that in an effort to resolve the similar legal claims of all the members of the group at one time. Here, the court has granted permission to Celedonio Silva-Arriaga, Liborio Cabino-Martinez, Carlos Martinez-Garcia and Juan Zavala-Campos to represent a class consisting of all migrant or seasonal agricultural workers who were employed harvesting lemons for 4-J Harvesting, Inc., Texas Express, Inc., and/or Services to Agriculture I, L.L.C. during the 2003 Florida lemon harvest, extending from approximately July through September.

## 3. What is the lawsuit about?

The workers who filed the lawsuit alleged that the Defendants violated certain provisions of the federal Migrant and Seasonal Agricultural Worker Protection Act and the Fair Labor Standards Act. The lawsuit alleges that workers were not paid the minimum wage ($5.15 per hour) for all the hours worked, in part because of the alleged failure of the Defendants to credit workers with time they spent waiting at the edge of the lemon grove prior to commencing picking. In addition, the suit alleges that accurate payroll records were not maintained and that workers were not provided with wage statements as required by federal law. The Court has not decided whether the workers are correct on these claims. The Defendants deny any liability for these claims and deny any wrongdoing.

## 4. What is the status of the lawsuit?

After negotiating, the workers and the Defendants agreed to a proposed settlement of the lawsuit. **Your rights could be affected by this settlement so you should read this Notice carefully to decide whether you want to be part of the class and you think the settlement is fair.**

## 5. What are the terms of the proposed settlement?

If the Court approves the settlement that has been proposed, eligible workers who file claims will receive a cash payment based on the number of days they worked for the Defendants during the 2003 lemon harvest.

## 6. What will workers get under the settlement?

All workers who were employed by any of the Defendants during the 2003 lemon harvest are eligible to share in the settlement fund. The amount of the settlement proceeds paid each worker will depend on the number of days the worker picked lemons for the Defendants during the 2003 lemon harvest. Eligible workers who file claims will receive $2.50 for each day they worked for the Defendants during the 2003 lemon harvest.

### 7. Who else gets money from the settlement?

In addition, each of the four named Plaintiffs who brought this case (Celedonio Silva-Arriaga, Liborio Cabino-Martinez, Carlos Martinez-Garcia and Juan Zavala-Campos) will receive a total of one thousand dollars ($1,000.00) in settlement of their individual claims. The Defendants also have agreed to pay the Florida Legal Services Migrant Farmworker Justice Project, the lawyers for the workers in this case, an additional six thousand nine hundred sixty-four dollars ($6,964.00) to pay the costs and fees it incurred to bring the case. This payment is separate from and in addition to what the workers in the class will receive.

### 8. What are the other important terms of the settlement?

4-J Harvesting, Inc. and Texas Express, Inc. have agreed to a number of changes in their employment practices for the 2005, 2006 and 2007 lemon harvests as part of the settlement of this lawsuit. These changes are intended to guard against possible violations of the law in the future. Among other things, electronic timekeeping will be instituted, with provisions that work time will commence upon the worker's arrival at the grove, if riding in crew leader transportation. In addition, steps will be taken to ensure that each picker is paid under his or her own name.

### 9. What are my rights as a member of the "class"?

As a member of the class, you are eligible to receive money from the settlement. By receiving the money you are also giving up your rights to bring a separate claim against 4-J Harvesting, Inc., Texas Express, Inc. and/or Services to Agriculture I, L.L.C. for having violated the specific laws which are alleged in the lawsuit during the 2003 lemon harvest.

### 10. How do I make a claim as a class member?

**TO CLAIM YOUR CLASS MONEY YOU MUST:**

**FILL OUT A CLAIM FORM BEFORE JUNE 1, 2006. TO OBTAIN A CLAIM FORM CALL FLORIDA LEGAL SERVICES FARMWORKER JUSTICE PROJECT AT 1-800-277-7447 OR GO TO ITS OFFICE AT 210 S. 1st STREET, IMMOKALEE, FLORIDA 34142 MONDAY THROUGH FRIDAY BETWEEN 8:30 AM AND 5:00 PM.**

If you fail to make a claim and you do not "opt-out" as described in paragraph 11, you are giving up your rights to ever bring an action against the Defendants for the violations of law alleged in the lawsuit during the 2003 lemon harvest.

3

## 11. How do I opt-out of this class action?

If you do NOT want to participate in the class action, you have the right to be excluded from the class and not receive any money from the settlement. If you choose to be excluded from the class, you will NEVER be able to make any claim for this settlement money; however, you may have the right to bring your own lawsuit against the Defendants within the time period allowed under the law for the claims alleged in the lawsuit. **If you decide to opt-out, you must do so** on or before August 26, **2005.** If you fail to opt-out by August 26, 2005, you are giving up your right to be excluded from the class, which means that you can not bring a separate law suit for the same claims alleged in the current law suit for 2003 lemon harvest. If you fail to opt-out you will be bound by the settlement agreement and are eligible to file a claim for the settlement money. To be excluded from the class action you must call the Florida Legal Services Farmworker Justice Project at 1-800-277-7447 or go to its office at 210 S. 1st Street, Immokalee, Florida 34142 Monday through Friday between 8:30 PM and 5:00 PM to fill out a form stating your desire to be excluded from the class. If you choose to "opt-out" of the class action, you should consult a lawyer as to your rights.

## 12. What if I think the settlement agreement is unfair?

There will be a hearing before Judge Virginia Hernandez Covington at 1:30 P.M. on October 27, 2005, at the United States Courthouse, 2110 First Street, Fort Myers, Florida to decide whether the settlement is fair, reasonable and adequate. If you want to object to the settlement you must file your objection with the Clerk of the Court on or before August 26, 2005. If you do write the Clerk at the United States Courthouse, 2110 First Street, Fort Myers, Florida 33901, you should include in your letter the name of the case (<u>Silva-Arriaga v. Texas Express, Inc.</u>) and the case number (2:03-cv-690). You must also send a copy of your objections to David J. Stefany, Allen Norton & Blue, Hyde Park Plaza, Suite 225, 324 S. Hyde Park Avenue, Tampa, Florida 33606, attorney for the Defendants. This hearing will be your only opportunity to object to the terms of the settlement.

**You do <u>not</u> have to be present at the hearing to receive your class share of the settlement money. If you fill out the form claiming your share of the settlement, you will receive your class share, provided the settlement is approved.**

## 13. For further information:

If you have questions about the settlement, need help understanding this Notice, or wish to obtain a complete copy of the proposed settlement agreement, you can contact the lawyers for the workers who brought the lawsuit by writing or calling:

> Florida Legal Services
> Migrant Farmworker Justice Project
> 508 Lucerne Avenue
> Lake Worth, FL 33460
> Telephone: 1-800-277-7447

**DO <u>NOT</u> CALL THE COURT OR THE CLERK OF THE COURT**

| For the Plaintiffs: | For the Defendants: |
|---|---|
| s/Gregory S. Schell | s/David J. Stefany |
| Gregory S. Schell | David J. Stefany |
| Florida Bar Number 287199 | Florida Bar Number 438995 |
| MIGRANT FARMWORKER JUSTICE PROJECT | ALLEN, NORTON & BLUE, P.A. |
| 508 Lucerne Avenue | Hyde Park Plaza – Suite 225 |
| Lake Worth, Florida 33460-3819 | 324 S. Hyde Park Avenue |
| Telephone: (561) 582-3921 | Tampa, Florida 33606-4127 |
| Facsimile: (561) 582-4884 | Telephone: (813) 251-1210 |
| e-mail: Greg@Floridalegal.Org | Facsimile: (813) 253-2006 |
|  | e-mail: dstefany@anblaw.com |