UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CELEDONIO SILVA-ARRIAGA, LIBORIO
CABINO-MARTINEZ, CARLOS MARTINEZ-
GARCIA and JUAN ZAVALA-CAMPOS,
individually and on behalf of all
others similarly situated,

                    Plaintiffs,

vs.                                    Case No.  2:03-cv-690-FtM-33SPC

TEXAS EXPRESS, INC., 4-J
HARVESTING, INC., and SERVICES TO
AGRICULTURE I, L.L.C.,

                    Defendants.
_____/

## ORDER

Pursuant to the Fairness Hearing held before the undersigned on October 27, 2005, this Court finds that the settlement agreement entered into between the parties is fair, reasonable, and adequate and thus, should be adopted.

Plaintiffs filed their complaint on December 29, 2003 (Doc. # 1) and their amended class action complaint on December 20, 2004 (Doc. # 34).  Plaintiffs filed under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA") 29 U.S.C. §§ 1801, et seq., and the Fair Labor Standards Act ("FLSA") 29 U.S.C §§ 201 et seq. and alleged, inter alia, that they were not properly compensated during the 2003 lemon harvest conducted in and near Hendry County, Florida.

Defendant filed a notice of settlement with the Court on May 6, 2005 (Doc. # 38).  The undersigned issued an order on June 22,

2005, preliminarily finding the settlement to be fair, setting the date of the final fairness hearing, and ordering that any objectors to the settlement were required to make their objections known by August 26, 2005 (Doc. # 41 at 3).  No objectors have come forth.

A District Court's adoption of a class action settlement is governed by Federal Rule of Civil Procedure 23(e), which states:

> Settlement, Voluntary Dismissal, or Compromise.
> (1)(A) The court must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a certified class.
> (B) The court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise.
> (C) The court may approve a settlement, voluntary dismissal, or compromise that would bind class members only after a hearing and on finding that the settlement, voluntary dismissal, or compromise is fair, reasonable, and adequate.
> (2) The parties seeking approval of a settlement, voluntary dismissal, or compromise under Rule 23(e)(1) must file a statement identifying any agreement made in connection with the proposed settlement, voluntary dismissal, or compromise.
> (3) In an action previously certified as a class action under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
> (4)(A) Any class member may object to a proposed settlement, voluntary dismissal, or compromise that requires court approval under Rule 23(e)(1)(A).
> (B) An objection made under Rule 23(e)(4)(A) may be withdrawn only with the court's approval.

During the fairness hearing, the undersigned considered the factors enumerated by the Eleventh Circuit in <u>Bennett v. Behring Corp.,</u> 737 F.2d 982, 986 (11th Cir. 1984), including the likelihood of success at trial, the range of possible recovery, the point on

2

or below the range of possible recovery at which a settlement is fair, adequate, and reasonable, the complexity, expense, and duration of the litigation, any opposition to the settlement, and the state of the proceedings at which the settlement was reached.

In addition, the Court heard from counsel of record and questioned counsel about the terms of the settlement and the settlement process. This Court inquired of counsel about the method of class notification, the specific remedies that the settlement will provide to the Plaintiffs (both named Plaintiffs and the other class members), and the effect that this settlement will have on the class members. This Court also evaluated the sum Plaintiffs' counsel shall receive from Defendant in the form of attorney's fees, a sum separate from that which class members shall receive, and determines that such attorney's fees are fair.

Upon consideration of all of the relevant factors, this Court determines that the proposed settlement is fair, reasonable, and adequate and thus, should be adopted.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) That the proposed settlement agreement is found to be fair, reasonable, and adequate, and is therefore **ADOPTED** and **APPROVED.**

(2) That this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly and close the file. The Clerk is

directed to terminate all previously scheduled deadlines and pending motions.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this $\underline{28}^{th}$ day of October, 2005.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record